IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| In the interest of J.H. and K.H., persons under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) | Case No. 20120328-CA |
| | ) | |
| R.O. and T.O., | ) | F I L E D |
| | ) | (July 19, 2012) |
| Petitioners and Appellees, | ) | |
| | ) | 2012 UT App 195 |
| v. | ) | |
| | ) | |
| E.O., | ) | |
| | ) | |
| Respondent and Appellant. | ) | |

-----

Third District Juvenile, Salt Lake Department, 470716
The Honorable C. Dane Nolan

Attorneys:     Nicole A. Salazar-Hall, Salt Lake City, for Appellant
               Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges Voros, Orme, and Roth.

¶1     E.O. (Mother) appeals the juvenile court's order awarding permanent guardianship to the maternal grandparents. We affirm.

¶2     In order to overturn the juvenile court's decision as to the sufficiency of the evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh

conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience, and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 Mother asserts that there was insufficient evidence to support the juvenile court's determination that Mother neglected J.H. and K.H (children). The record supports the juvenile court's determination that Mother neglected the children. Mother left the children to be raised by their grandparents for several years, during which time period she abused drugs and alcohol, lacked stable employment, was homeless, and was incarcerated. The juvenile court found specific instances of neglect including an episode where Mother was absent and she left her child unattended to care for younger children between the ages of two and five years old. The juvenile court also determined that Mother neglected the children by subjecting the children to a traumatic situation by discussing the legal proceedings with the children contrary to the court's order. The juvenile court found that the totality of Mother's behavior relating to the violation of the court's order rose to the level of the neglect of both children. Based upon the record, we cannot say that the juvenile court's determination that Mother neglected her children was against the clear weight of the evidence.

¶4 Mother also asserts that the juvenile court erred in admitting the maternal grandfather's journal into evidence in violation of rule 803(5) of the Utah Rules of Evidence. Rule 803(5) provides that a recorded recollection may be read into evidence, but may only be received as an exhibit if offered by an adverse party. *See* Utah R. Evid. 803(5). This court will not reverse the trial court's ruling on an evidentiary issue "unless it is manifest that the trial court so abused its discretion that there is a likelihood that injustice resulted." *State v. Otterson*, 2008 UT App 139, ¶ 14, 184 P.3d 604. Furthermore, harmless error is an error that is sufficiently inconsequential such that there is no reasonable likelihood that the asserted error affected the outcome of the proceedings.

*See id.* ¶ 16.  Mother fails to demonstrate that the juvenile court's decision to admit the grandfather's journal as an exhibit resulted in an injustice or that admitting the grandfather's journal affected the outcome of the proceedings.  Even were we to assume that the juvenile court erred by admitting the grandfather's journal, there is no reasonable likelihood that the asserted error affected the juvenile court's determination that Mother neglected her children as there was sufficient, independent evidence to support the juvenile court's decision.

¶5     Accordingly, the juvenile court's order awarding permanent custody to the maternal grandparents is affirmed.


_____
J. Frederic Voros Jr.,
Associate Presiding Judge



_____
Gregory K. Orme, Judge



_____
Stephen L. Roth, Judge